THE HONORABLE RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAHSAAN FREEMAN,

              Plaintiff,

   v.

U.S. BANK, N.A. d/b/a U.S. BANK,

              Defendant.

No. 2:10-CV-01544 RSM

ORDER DENYING MOTION TO SEAL
ORDER, GRANTING MOTION TO
STRIKE, AND STRIKING JURY DEMAND

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Rahsaan Freeman's Motion to Seal Order

(Dkt. # 51) and Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Strike

Jury Demand (Dkt. # 55).  For the reasons that follow, Plaintiff's motion to seal shall be denied

and Defendant's motion to strike the jury demand shall be granted.

## II. DISCUSSION

Mr. Freeman brought this suit against U.S. Bank, his former employer, asserting claims

for promissory estoppel and negligent misrepresentation. The Court granted U.S. Banks' motion

for summary judgment on both claims. Mr. Freeman appealed that Order, and the Ninth Circuit

Court of Appeals affirmed in part, reversed in part, and remanded the case for further

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 1

proceedings. Dkt. # 45. In its Memorandum the Ninth Circuit held that this Court erred in granting summary judgment on Mr. Freeman's promissory estoppel claim because he had "raised a material issue of fact about the existence of a specific and narrow promise by U.S. Bank that the bank had done its due diligence and that his prior termination would not affect his new employment." *Id.* at p. 2. The Ninth Circuit affirmed summary judgment as to the negligent misrepresentation claim. *Id.* at 4.

The Court set the case for trial on May 5, 2014. Dkt. # 49. In the instant motions, Plaintiff seeks to seal the Court's summary judgment Order, and Defendant moves to strike Plaintiff's request for a jury demand because the only remaining claim in this case is an equitable claim for which there is no constitutional right to a jury trial. The motions are addressed in turn.

## A.  Motion to Seal Order

Plaintiff asks the Court to seal its Order on Motion for Summary Judgment (Dkt. # 36) that was issued on March 9, 2012. Plaintiff contends that the public availability of this order on the internet has "prevent[ed] him from finding substitute employment." Dkt. # 51, p. 1.

Plaintiff acknowledges that in the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). The right of public access, however, is not absolute and may be overcome for "sufficiently compelling reasons[.]" *Foltz*, 331 F.3d at 1135. To determine whether a party has satisfied this standard, courts consider all relevant factors including:

> the public interest in understanding the judicial process and whether
> disclosure of the material could result in improper use of the material for
> scandalous or libelous purposes or infringement upon trade secrets....
> After taking all relevant factors into consideration, the district court must
> base its decision on a compelling reason and articulate the factual basis for
> its ruling, without relying on hypothesis or conjecture.

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 2

*Hagestad,* 49 F.3d at 1434 (internal citations and quotations omitted). Generally, "compelling

reasons" that "outweigh the public's interest in disclosure and justify sealing court records exist

when such 'court files might have become a vehicle for improper purposes,' such as the use of

records to gratify private spite, promote public scandal, circulate libelous statements, or release

trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

(quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).

      Here, Plaintiff seeks to seal and remove from public access this Court's adjudication on

the merits of his claims. He has cited no authority, and the Court has found none, that would

support such a motion. Plaintiff does not contend that the Court's Order has become a vehicle for

improper purposes; rather, he contends that the mere fact of public access to the Order has made

it difficult for him to find new employment. This is not a compelling reason sufficient to

overcome the strong presumption of public access to court documents.

      Moreover, "the resolution of a dispute on the merits, whether by trial or summary

judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial

process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley

Broadcasting Co v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). The Court's Order

resolved Plaintiff's case on the merits. The Ninth Circuit reversed the Order in part and

remanded for further proceedings. Each order and opinion issued in this case is part of the public

record and the preservation of public access to all such documents serves to promote

transparency of the judicial process. Accordingly, Plaintiff's motion shall be denied.

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 3

**B.  Motion to Strike Jury Demand**

Defendant has moved to strike Plaintiff's jury demand. It contends that because the only remaining claim is equitable in nature, Plaintiff has no right to a jury trial. Plaintiff contends that since resolution of his claim turns on factual issues, the Court should either proceed with the jury trial or empanel a jury in an advisory capacity. Plaintiff also argues that the Court should empanel a jury to preserve the appearance of fairness.

The Seventh Amendment to the United States Constitution guarantees the right to trial by jury for "[s]uits at common law." U.S. Const. amend. VII. "Suits at common law" are those "in which *legal* rights alone [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)) (emphasis original).

Federal Rule of Civil Procedure 39 provides that where a party has made a demand for a jury trial, the trial must be by jury unless either the parties stipulate to a nonjury trial, or the court determines that there is no right to a jury trial. Fed. R. Civ. P. 39(a)(1)-(2). "Historically, there was no right to a trial by jury for claims that were "equitable," such as actions for injunctive relief or specific performance." *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, CIV. 10-3864 SRN/JJG, 2012 WL 512401, at *2 (D. Minn. Feb. 15, 2012) *aff'd*, 719 F.3d 891 (8th Cir. 2013) (citing Charles Alan Wright & Mary Kay Kane, Law of Federal Courts at 657 (6th ed. 2002)). To determine whether a cause of action sounds in law or equity, courts must first "compare the [cause of action] to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" and then examine the nature of the remedy sought.

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 4

*Granfinanciera*, 492 U.S. at 42 (citation omitted).  The second stage of this inquiry is more important than the first. *Id.*

Promissory estoppel is an equitable doctrine under Washington law. *See Kim v. Dean*, 135 P.3d 978, 983 (Wash. Ct. App. 2006). However, "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963). Under federal law, a promissory-estoppel claim may be either equitable or legal in nature, depending on the context in which appears. *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013). In general, if the claim for relief is ordinarily found in law, such as contract damages, then the claim is more likely legal in nature. *See id.* Alternatively, if the claim for relief sounds in equity, then the claim is equitable in nature and does not implicate the right to a jury trial. *See id.*

Here, neither party has addressed the import of federal case law that distinguishes the nature of legal versus equitable promissory estoppel claims. The crux of the distinction is whether a plaintiff seeks equitable or legal relief. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1195 (9th Cir. 2000). As explained by the Second Circuit, "where a plaintiff sues for contract damages and uses detrimental reliance as a substitute for consideration, the analogy to actions in assumpsit (law) is compelling. By contrast, when the plaintiff uses promissory estoppel to avoid a draconian application of the Statute of Frauds, the pull of equity becomes irresistible." *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 825 (2d Cir. 1994).

In this case, the allegations of the Amended Complaint do not support construing the claim as primarily legal in nature. Specifically, the Amended Complaint alleges as follows:

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 5

28.     Defendant promised Mr. Freeman that his prior termination would not affect his future employment with Defendant if he accepted its offer of employment.

29.     Defendant should reasonably have suspected that the promise would cause Mr. Freeman to accept the offer from Defendant.

30.     Mr. Freeman relied on the promise when he accepted the job offer and declined other offers.

31.     Injustice can only be avoided by enforcement of the promise.

Dkt. # 13, ¶¶ 28-31. Plaintiff seeks enforcement of U.S. Bank's alleged extra-contractual

promise that his prior termination would not affect his future employment with the Defendant.

Plaintiff's promissory estoppel claim stands alone; Plaintiff has not asserted a contract claim that

relies on the doctrine of promissory estoppel as a substitute for consideration. *See*

*Geneva Pharm. Tech. Corp. v. Barr Labs., Inc.*, 98 CIV.861 RWS, 2003 WL 1345136, at \*4

(S.D.N.Y. Mar. 19, 2003) (declining to extend *Merex* to separate claims for promissory estoppel

that do not implicate breach of contract claims). Thus, under prong one of the analysis, the claim

is compellingly equitable.

Considering prong two of the analysis, the relief sought is also equitable in nature.

Plaintiff seeks monetary damages to be compensated for his good-faith reliance on the alleged

promise. Recovery of good-faith reliance damages is dependent on an equitable determination

under Washington law. *See Kim v. Dean*, 135 P.3d 978, 983 (Wash. Ct. App. 2006) ("a court

must examine the underlying fairness of the circumstances, including the injustice that can be

avoided only if the alleged promise or promises are enforced"); *Cf. Geneva Pharm.*, 2003 WL

1345136 at \*4-5 (finding reliance damages an equitable remedy under New Jersey law).

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Therefore, the promissory estoppel claim is equitable and Plaintiff has no constitutional right to a

jury trial.

Plaintiff contends that even if there is no right to a jury trial on the single promissory

estoppel claim, then the court should empanel an advisory jury to promote the appearance of

fairness. The Court has considered Plaintiff's arguments and finds them insufficient to justify the

additional time and expense associated with empanelling an advisory jury in this case. Plaintiff

states via personal declaration as follows:

> I have reviewed again the Court's order summarily dismissing my case in
> 2012 in light of the upcoming trial. The order seems so one-sided and
> dismissive of my claims as to raise questions in my mind about whether
> the Court has so prejudged my case as to be impartial. It is not only or
> most importantly the Court's conclusion, but the manner in which the
> Court did not even address my evidence and was so dismissive of my
> position and claims that it is hard to imagine receiving a fair trial of the
> claims now that the case has been sent back for trial. If a jury could review
> the facts even in an advisory capacity it would assuage my concerns and
> allow me to have faith that the outcome was not already predetermined.

Freeman Decl., Dkt. # 58, p. 1.

First, having reviewed the Summary Judgment Order and the Memorandum of the Ninth

Circuit, the Court finds Plaintiff's concerns unfounded. The Summary Judgment Order detailed a

straightforward application of Washington law to determine that Plaintiff had failed to produce

sufficient evidence of a promise by U.S. Bank to maintain his employment due to the "at will"

language present in his conditional offer of employment letter. The Ninth Circuit construed that

issue differently and reversed, holding that material issues of fact existed as to whether U.S.

Bank made a narrow and specific promise to Plaintiff that the bank had done its due diligence

and that his former termination would not affect his future employment. This Court did not

engage in fact-finding when considering Plaintiff's claims on summary judgment. Now that it

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 7

must act as the finder of fact, the Court is fully capable of making impartial factual

determinations on the evidence adduced at trial.

Second, empanelling an advisory jury to render factual determinations in a trial with a

single equitable claim for relief does not promote judicial economy. Because the Court is not

bound by the factual determinations made by an advisory jury, *see Ashland v. Ling-Temco-*

*Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983), empanelling an advisory jury would burden

both the Court and parties as well as burden potential jurors by requiring them to commit time

and resources to sit on a jury where their ultimate factual determinations may not matter.

Therefore, the Court declines to empanel a jury in this case and Defendant's motion to strike the

jury trial shall be granted.

### III. CONCLUSION

Having considered the motions, the responses and replies thereto, the declarations and

attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Seal Order (Dkt. # 51) shall be DENIED;

(2) Defendant's Motion to Strike Jury Demand (Dkt. # 55) shall be GRANTED;

(3) The jury demand shall be STRICKEN and the Clerk shall issue a modified scheduling

order.

DATED this 12 day of March 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO SEAL ORDER,
GRANTING MOTION TO STRIKE, AND STRIKING
JURY DEMAND – 8